UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
UNITED STATES OF AMERICA                  )
                                          )
        v.                                )        Criminal No. 04-0505 (PLF)
                                          )
DERRICK SWEET,                            )
                                          )
                Defendant.                )
_____)


MEMORANDUM OPINION AND ORDER

        This matter is before the Court on defendant's motion for return of property

pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.[1]  Mr. Sweet is seeking the

return of $596.00 taken at the time of his arrest by Metropolitan Police Department officers.[2]

_____

[1]        Rule 41(g) – formerly Rule 41(e) – provides:

        A person aggrieved by an unlawful search and seizure of property
        or by the deprivation of property may move for the property's
        return.  The motion must be filed in the district where the property
        was seized.  The court must receive evidence on any factual issue
        necessary to decide the motion.  If it grants the motion, the court
        must return the property to the movant, but may impose reasonable
        conditions to protect access to the property and its use in later
        proceedings.

FED. R. CRIM. P. 41(g).

[2]        Mr. Sweet was arrested on October 26, 2004.  On December 15, 2004, Mr. Sweet
entered a pre-indictment guilty plea to unlawful possession of a firearm under 18 U.S.C.
§ 922(g)(1) and unlawful possession with intent to distribute cocaine base under 21 U.S.C.
§§ 841(a)(1) and 841(b)(1)(c).  He was sentenced to 120 months' incarceration on the firearms
charge and to a concurrent term of 151 months on the drug charge.

Upon consideration of Mr. Sweet's motion and the District of Columbia's opposition, the Court will deny Mr. Sweet's motion without prejudice and will order the District to file a notice with the Court indicating whether civil forfeiture proceedings have been initiated in compliance with the D.C. Code.  If the District has not done so, the Court will entertain a renewed motion for return of property from Mr. Sweet.

The District of Columbia forfeiture statute provides the necessary guidance on this question.  See D.C. CODE § 48-905.02.  Detained property, such as the $596.00 in question, is "deemed to be in the custody of the Mayor," id. § 48-905.02(d)(2), who may choose to forfeit such property under certain circumstances.  The District correctly argues that Mr. Sweet's money may be forfeitable under the statute.  See D.C. CODE §§ 48-905.02(a)(6), (a)(7), and (a)(7)(B).  In order to forfeit Mr. Sweet's property, however, the Mayor must comply with certain statutorily prescribed requirements; these include notifying Mr. Sweet of the pending forfeiture proceedings and giving him "information on the applicable procedures for claiming the property" prior to forfeiture.  Id. § 48-905.02(d)(3)(A).  It is not clear from the District's opposition whether forfeiture proceedings have been initiated against the $596.00 in question – let alone whether the District has complied with all of the procedural requirements of Section 48-905.02.[3]

If the District has not initiated forfeiture proceedings, it remains within the power of this Court to return defendant's property to him.  See District of Columbia v. Dunmore, 749 A.2d 740 (D.C. 2000) (noting that "*once the District has timely initiated civil forfeiture*

---

[3]    At one point, the District argues that this Court should not grant Mr. Sweet's motion because "the District *intends* to institute forfeiture proceedings in this matter."  District of Columbia's Response to Defendant's Motion for Return of Property at 2 (emphasis added).  At another, the District suggests that forfeiture proceedings have commenced.  See id. at 4 ("The administrative forfeiture . . . is pending within MPD.").

*proceedings* under [Section 48-905.02], those proceedings constitute the exclusive means by which the ownership of forfeitable property is to be determined") (emphasis added).  Unless the District can show the Court that those proceedings have been initiated, this Court would have the authority to grant defendant's motion.  Accordingly, it is hereby

ORDERED that defendant's motion for return of property [36] is DENIED without prejudice; and it is

FURTHER ORDERED that the District of Columbia shall file, on or before May 30, 2008, notice with the Court indicating whether civil forfeiture proceedings have been initiated and, if so, (1) when those proceedings were initiated, and (2) whether the District has complied with the statutory procedures outlined in Section 48-905.02.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: May 23, 2008

3