UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
    v.                                  )   Criminal No. 04-505 (PLF)
                                        )
DERRICK SWEET,                          )
                                        )
        Defendant.                      )
_____)


MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Derrick Sweet's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of the motion, the applicable law, and the entire record in this case, the Court will deny the motion.[1]

1. BACKGROUND

The defendant pleaded guilty to two counts of a four count information: Count Three, charging unlawful possession of a firearm and ammunition by a prior convicted felon, in violation of 18 U.S.C. § 922(g)(1); and Count Four, charging unlawful possession with intent to distribute cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). As part of the agreement, the defendant admitted possessing a handgun and approximately nine grams of crack cocaine. See Plea Agreement ¶ 3. In return, the government agreed to dismiss the other counts of the Information: Count One, charging unlawful possession

---

[1] The relevant papers reviewed by the Court in connection with this motion include: Defendant's Section 3582(c)(2) Motion ("Mot."); the plea agreement, dated December 15, 2004 ("Plea Agreement"); the Presentence Investigation Report ("PSR"), and the Judgment and Commitment, dated April 26, 2005 ("J & C").

with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); and Count Two, charging unlawful possession with intent to distribute cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a). Id. ¶ 5(c). The government also agreed to a three-level downward adjustment to the defendant's offense level for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines, and not to oppose a sentence at "the low end of the sentencing range that the Court decides will govern this case." Id. ¶ 5.

The Court sentenced the defendant to 120 months' imprisonment on Count Three and 151 months' imprisonment on Count Four, ordering the sentences to run concurrently. The Court reasoned as follows: Because the defendant possessed approximately nine grams of crack cocaine, the Guidelines's drug quantity table, U.S.S.G. § 2D1.1(c), assigned a base Offense Level of 26. The Court enhanced this number to 28 because the defendant was in possession of a firearm at the time he committed the offense. See U.S.S.G. § 2D1.1(b)(1). Applying the three-level downward adjustment for acceptance of responsibility yielded an adjusted Offense Level of 25. Because the defendant had a Criminal History Category of IV, the guidelines sentencing range would have been 84 to 105 months.[2] The defendant qualified as a career offender under U.S.S.G. § 4B1.1, however, because he was over 18 years of age at the time he committed the instant offense and had at least two prior felony convictions for controlled substances offenses or crimes of violence. As a result, the career offender provision of the guidelines, U.S.S.G.

---

[2] The PSR indicates that the defendant had nine criminal history points: three stemming from a 1990 conviction for attempted distribution of cocaine; three from a 1993 conviction for assault with a deadly weapon; two additional points because the defendant committed the current offense while on parole in the 1993 case; and one additional point because he committed the current offense within two years of his release from custody. See PSR at 9-10.

§ 4B1.1, put the defendant at Offense Level 32, Criminal History Category VI, which was greater than his Base Offense Level of 28, Criminal History Category IV. With a three-level downward adjustment for his acceptance of responsibility, the defendant was at Offense Level 29, Criminal History Category VI, making the guidelines sentencing range 151 to 188 months. The Court sentenced the defendant to 151 months.

The defendant now asks the Court to modify his sentence pursuant to 18 U.S.C. § 3582 (c)(2) and Amendments 706 and 711 to the United States Sentencing Guidelines.

## II. DISCUSSION

In 2007, the United States Sentencing Commission approved Amendment 706, which lowered the base offense level for most crack cocaine offenses by two levels. See U.S.S.G., Supp. to App. C, Amend. 706, 711 (2007). In 2008, the Commission made the amendments retroactive, see id. at Amend. 713, 716 (2008), making some defendants convicted of crack cocaine offenses eligible for sentence reductions under 18 U.S.C. § 3582(c)(2). To be eligible for a sentence modification under 18 U.S.C. § 3582, a defendant must show (1) that he was initially sentenced "based on a sentencing range that has subsequently been lowered" by the Sentencing Commission; and (2) that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." United States v. Berry, 618 F.3d 13, 16 (D.C. Cir. 2010) (quoting 18 U.S.C. §3582(c)(2)).

The court of appeals has recently determined that defendants who qualify as career offenders under U.S.S.G. § 4B1.1 are not eligible for sentence modifications under Section 3582(c)(2) and Amendment 706 because such defendants fail the first part of this test --

that is, they were not sentenced "based on" a sentencing range that has subsequently been lowered. United States v. Tepper, 616 F.3d 583, 587 (D.C. Cir. 2010); see also United States v. Berry, 618 F.3d at 15, 17. For the purposes of a Section 3582(c)(2) motion, the sentencing range applicable to a defendant who qualifies as a career offender is the range provided by the career offender provision of the Guidelines, and not that suggested by the drug quantity tables under U.S.S.G. § 2D1.1. United States v. Berry, 618 F.3d at 18. Amendment 706 only permits reduction of sentences for crack cocaine offenses when the sentence is based on the range recommended by the drug quantity tables for crack cocaine provided by U.S.S.G. § 2D1.1, and does not affect the range provided under the career offender provision, U.S.S.G. § 4B1.1. United States v. Berry, 618 F.3d at 17-18. Because Amendment 706 does not apply to their sentences, career offenders are not eligible for sentence modifications under 18 U.S.C. § 3582(c)(2). Id. at 18.

The defendant in this case qualified as a career offender because he was over 18 years of age at the time of this offense and had at least two prior felony convictions for controlled substance offenses or crimes of violence. See U.S.S.G. § 4B1.1. The sentencing range applicable to him therefore is the career offender range, not that provided for crack cocaine offenses in the drug quantity tables. Because the career offender guideline was not modified by Amendment 706, the defendant was not sentenced pursuant to a guideline that has subsequently been lowered. He therefore is ineligible for a sentence modification under 18 U.S.C. § 3582(c)(2). For all of these reasons, it is hereby

that is, they were not sentenced "based on" a sentencing range that has subsequently been lowered. United States v. Tepper, 616 F.3d 583, 587 (D.C. Cir. 2010); see also United States v. Berry, 618 F.3d at 15, 17. For the purposes of a Section 3582(c)(2) motion, the sentencing range applicable to a defendant who qualifies as a career offender is the range provided by the career offender provision of the Guidelines, and not that suggested by the drug quantity tables under U.S.S.G. § 2D1.1. United States v. Berry, 618 F.3d at 18. Amendment 706 only permits reduction of sentences for crack cocaine offenses when the sentence is based on the range recommended by the drug quantity tables for crack cocaine provided by U.S.S.G. § 2D1.1, and does not affect the range provided under the career offender provision, U.S.S.G. § 4B1.1. United States v. Berry, 618 F.3d at 17-18. Because Amendment 706 does not apply to their sentences, career offenders are not eligible for sentence modifications under 18 U.S.C. § 3582(c)(2). Id. at 18.

The defendant in this case qualified as a career offender because he was over 18 years of age at the time of this offense and had at least two prior felony convictions for controlled substance offenses or crimes of violence. See U.S.S.G. § 4B1.1. The sentencing range applicable to him therefore is the career offender range, not that provided for crack cocaine offenses in the drug quantity tables. Because the career offender guideline was not modified by Amendment 706, the defendant was not sentenced pursuant to a guideline that has subsequently been lowered. He therefore is ineligible for a sentence modification under 18 U.S.C. § 3582(c)(2). For all of these reasons, it is hereby

ORDERED that defendant's motion to reduce his sentence under 18 U.S.C. §3582 [48] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 23, 2010